JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DAPICE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Capital One Bank (USA), N.A. and DOE DEFENDANTS 1-10, et al.<br><br>Defendant. | Case No. 14-cv-6961 GW (AGRx)<br><br>[PROPOSED] FINAL JUDGMENT |

# [~~PROPOSED~~] FINAL JUDGMENT

A Fairness Hearing was held before this Court on April 21, 2016, to consider, among other things, whether the Settlement Agreement dated September 25, 2015, the "Settlement Agreement") between plaintiff Daniel Dapice (the "Class Representative") and defendant Capital One Bank (USA), N.A. ("Capital One") (collectively, the "Parties") represents a fair, reasonable and adequate compromise of the Action, the amount to be paid to Class Counsel as fees and litigation costs for prosecuting the Action, and a service award to the Class Representative. Having considered the evidence and argument submitted by the Parties, and any objections to the Settlement submitted,

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Final Judgment will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Final Judgment.

This Court has jurisdiction over the subject matter of this action, the Class Representative, the Settlement Class, and Capital One. Final approval of the Settlement, and entry of a final judgment and order of dismissal is hereby **GRANTED**.

The Court finds that the Settlement Agreement is the product of good faith arms-length negotiations by the Parties, each of whom was represented by experienced counsel.

The Court finds that the class proposed for purposes of the settlement meets the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), and hereby certifies a settlement class in the Action as follows:

> All natural persons who have or had Capital One credit card accounts whose accounts are current, meaning they are not charged off or in bankruptcy status, as of the Effective Date, who used one of the blue access checks

attached to Offer 13732 or Offer 14294 to transfer a balance to their Capital One account and received 0% APR for six months on the transferred balance.

This Court approves all terms set forth in the Settlement Agreement and the Settlement reflected therein, and finds that such Settlement is, in all respects, fair, reasonable, adequate and in the best interest of the Settlement Class Members, and the Parties to the Settlement Agreement are directed to consummate and perform its terms.

The Parties dispute the validity of the claims in this Action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, adequate and in the best interests of the Settlement Class Members. Beyond facing uncertainty regarding the resolution of those issues, by continuing to litigate, Settlement Class Members would also face the challenge of surviving an appeal of any class certification order entered in this action, and any other rulings rendered during trial. The relief negotiated by the Parties includes payment of a percentage of the estimated finance charges assessed on the total Individual Balance Transfer Amounts.

Class Counsel has reviewed the Settlement Agreement and finds it in the best interest of the Settlement Class Members. For all of these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the tremendous expense associated with it, weigh in favor of approval of the Settlement reflected in the Settlement Agreement.

No objections to the Settlement Agreement, the Service Award to the Class Representative, and Class Counsel's request for attorneys' fees and costs and expenses have been received.

The Court finds that the Notices provided for in the Order of Preliminary Approval of Settlement have been provided to the Settlement Class and the Notices provided to the Settlement Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23

of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The Notices apprised the members of the Settlement Class of the pendency of the litigation; of all material elements of the proposed Settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the *res judicata* effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of the settlement; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in this Fairness Hearing. Accordingly, the Court determines that all Final Settlement Class Members are bound by this Final Judgment in accordance with the terms provided herein.

This Action is dismissed with prejudice, and without costs to any party, except as provided for in the Settlement Agreement and in this Final Judgment.

Having reviewed the submissions of Class Counsel, the Court finds that the sum of $91,235.64 is reasonable compensation for Class Counsel's attorneys' fees and expenses.

Having reviewed the submissions of Class Counsel, the Court finds that a Service Award of: a $2,000 payment, reduction of the balance on his Capital One credit card account to $0, and a request for deletion of negative trade line information for his account is reasonable compensation for the Class Representative's services in this matter.

Within 45 days of the Effective Date, Capital One and/or the Settlement Administrator shall mail out checks to Final Settlement Class Members in accordance with section 5.2 of the Settlement Agreement.

In accordance with section 5.2 of the Settlement Agreement, all settlement checks issued to Settlement Class members shall bear a legend stating that the check is not valid 90 days after the date of issuance. The Settlement Administrator will distribute the residual to Capital One in reimbursement for actual fees and costs

1  incurred and paid to the Settlement Administrator and then to the charities
2  designated by the Parties.
3  　　　Within 30 days of the date when all other obligations set forth in the
4  Settlement Agreement have been completed, the Parties will file a notice stating
5  that they have complied with all requirements set forth in the Settlement, the Order
6  of Preliminary Approval of Settlement, and this Final Judgment.
7  　　　Upon entry of this Final Judgment, the Class Representative, the Releasing
8  Parties will be deemed to have completely released and forever discharged the
9  Released Parties, and each of them, from any claim, right, demand, charge,
10 complaint, action, cause of action, obligation, or liability for actual or statutory
11 damages, punitive damages, restitution or other monetary relief of any and every
12 kind, including, without limitation, claims for breach of contract, or violation of any
13 other federal, state, or local law, statute, regulation, or common law, whether
14 known or unknown, suspected or unsuspected, under the law of any jurisdiction,
15 which the Class Representative or any Final Settlement Class Member ever had,
16 now has or may have in the future that relates to or arises out of any or all of the
17 acts, omissions, facts, matters, transactions, or occurrences that were directly or
18 indirectly alleged, asserted, or referred to in the Action.  However, this paragraph
19 does not release Capital One from its obligations under this Agreement.
20 　　　For purposes of the releases set forth in the previous paragraph, "unknown
21 claims" means claims that the Releasing Parties do not know or suspect to exist in
22 their favor at the time of their granting a release, which if known by them might
23 have affected their settlement of the Action.  It is the intention of the Parties and the
24 Settlement Class Members that, upon the Effective Date, each of the Releasing
25 Parties shall be deemed to have, and by operation of the Final Judgment shall have,
26 expressly waived and relinquished, to the fullest extent permitted (a) by
27 section 1542 of the California Civil Code, or (b) by any law of any state or territory
28 of the United States, federal law, or principle of common law which is similar,

comparable, or equivalent to section 1542 of the California Civil Code, the provisions, rights and benefits of any statute or law which might otherwise render a general release unenforceable with respect to unknown claims. Section 1542 of the California Civil Code reads:

> Section 1542. <u>General Release, extent</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Releasing Parties shall be deemed to have acknowledged, and by operation of the Final Judgment acknowledge, that they are aware that they may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the Released Claims, but it is their intention to, and each of them shall be deemed upon the Effective Date to have, waived and fully, finally, and forever settled and released any and all Released Claims, whether known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

Upon entry of this Final Judgment, the Class Representative and Final Settlement Class Members shall be enjoined from prosecuting any claim they have released in the preceding paragraphs, in any proceeding against any Released Party or based on any actions taken by a Released Party that are authorized or required by this Agreement or by the Final Judgment. This Final Judgment may be pleaded as a complete defense to any proceeding subject to this section.

Neither this Final Judgment nor the Settlement Agreement, nor any of its terms or provisions nor any of the negotiations or proceedings connected with it, shall be: (1) construed as an admission or concession by Capital One of the truth of any of the allegations in the Action, or of any liability, fault or wrongdoing of any

kind; or (2) construed as an admission by Class Representative or the Settlement Class as to any lack of merit of the claims or this action.

If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason whatsoever, this Final Judgment and the Order of Preliminary Approval of Settlement shall be deemed vacated and shall have no force and effect whatsoever.

Without affecting the finality of this Final Judgment in any way, this Court retains continuing jurisdiction for the purpose of enforcing the Settlement Agreement and this Final Judgment, and other matters related or ancillary to the foregoing.

The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and order of dismissal with prejudice be, and hereby is, entered as a final and appealable order.

IT IS SO ORDERED.

Date: April 25, 2016

_____
HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE

-6-